## S11Y0471. IN THE MATTER OF CRAIG DEAN MILLER.

(709 SE2d 787)

PER CURIAM.

This disciplinary matter is before the Court pursuant to a Notice of Discipline filed by the State Bar alleging that respondent Craig Dean Miller (State Bar No. 506515) violated Rules 1.3, 1.4, 1.15 (I), 3.2, and 9.3 of the Georgia Rules of Professional Conduct found in Bar Rule 4-102 (d). The State Bar is seeking Miller's disbarment. After efforts at personal service proved unsuccessful, Miller was properly served by publication pursuant to Bar Rule 4-203.1 (b) (3) (ii). He failed to file a Notice of Rejection of the Notice of Discipline within the time provided in Bar Rule 4-208.3, and thus he is in default, has no right to an evidentiary hearing, and is subject to such discipline and further proceedings as may be determined by this Court. See Bar Rule 4-208.1 (b). Miller also has been suspended from the practice of law since April 15, 2010. See *In the Matter of Miller*, S10Y1071 (April 15, 2010).

According to the Notice of Discipline, Miller was retained in or about October 2005 to represent a corporate client and its affiliates in litigation pending in the Superior Court of Chatham County, Georgia. In approximately May 2007, the client's Chief Executive Officer wired Miller funds to deliver to the lawyers and providers assisting with the litigation. In an August 20, 2007 affidavit that Miller provided to the CEO, Miller stated that he had paid himself and the other lawyers working on the case for all work performed through July 31, 2007, but he had not in fact made all the payments. Miller failed to account for his use of the funds he received from the client; commingled the funds he received in a fiduciary capacity with his own funds; and converted the funds he received in a fiduciary capacity to his own use. In the conduct of the client's litigation, Miller willfully failed to respond to discovery on behalf of the client and, as a result, the trial court eventually dismissed the client's complaint with prejudice with regard to one of the defendants. Miller failed to communicate with the corporate client's representative regarding the status of the case and essentially abandoned the legal matter entrusted to him without cause and to his client's detriment. In the end, the CEO discharged Miller, but he failed to withdraw from representing the corporate client. Although Miller was served by publication with a Notice of Investigation in this matter, he failed to respond.

Based on our review of the record, we agree with the State Bar that Miller has violated Rules 1.3, 1.4, 1.15 (I), 3.2, and 9.3 and that disbarment is the appropriate sanction. Accordingly, Craig Dean Miller hereby is disbarred from the practice of law in Georgia. He is reminded of his duties under Bar Rule 4-219 (c).

*Disbarred. All the Justices concur.*

DECIDED APRIL 18, 2011.

*Paula J. Frederick, General Counsel State Bar, Jenny K. Mittelman, Assistant General Counsel State Bar*, for State Bar of Georgia.